IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM E. McDANIELS,

      Petitioner,                    No. CIV S-05-1116 MCE GGH P

     vs.

U.S. PAROLE COMMISSION,

      Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

      Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the 2003 decision by the Parole Commission to forfeit petitioner's street time on his original period of mandatory release. After carefully reviewing the record, the court recommends that the petition be granted.

      To put petitioner's claims in context, the following introductory statement is provided.

      A parolee whose release is revoked will receive credit on his sentence for time spent under supervision, i.e. "street time," except when a parolee has been convicted of a new

1

offense subsequent to his release on parole which is punishable by any term of imprisonment, detention or incarceration in any penal facility. 28 C.F.R. § 2.52(c)(2).

Petitioner is presently on parole for his conviction of four counts of armed bank robbery. In 2001, the Commission found that petitioner had violated parole based, in part, on his arrest for petty theft. Petitioner accepted the Commission's expedited revocation proposal which included an agreement not to forfeit petitioner's "street time." In 2003, the Commission found that petitioner had again violated his parole but this time ordered the forfeiture of his "street time" because he had been convicted of the petty offense charges on which his 2000 parole revocation was based.

In the instant petition, petitioner argues that the 2003 decision to forfeit his street time based on his petty theft conviction violated his 2000 plea agreement as well as his right to due process because the petty theft conviction did not constitute a "new offense" within the meaning of 28 C.F.R. § 252(c)(2).

II. Discussion

A. Background

In 1982, petitioner was convicted of four counts of armed bank robbery. The Honorable Lawrence K. Karlton sentenced petitioner to 25 years. Respondent's Exhibit A. Petitioner was "mandatorily released" from his sentence by operation of law on October 2, 1996, but nevertheless, with a full term expiration date of October 15, 2006. Respondent's Exhibit D.

On January 12, 2000, petitioner's probation officer informed the Commission that petitioner had violated the conditions of his release by using illegal drugs. Respondent's Exhibit E. Petitioner had voluntarily reported his violation and had asked to be placed in an in-patient drug rehabilitation program. Id. In lieu of revoking his release, petitioner agreed to participate in a drug treatment program. Id. The Commission officially imposed a special drug aftercare condition on his release. Respondent's Exhibit F.

/////

1    On March 22, 2000, petitioner's probation officer informed the Commission that
2 petitioner had violated his release by using illegal drugs, failing to submit to urinalysis and
3 committing three new offenses: failing to register as a sex offender, petty theft and alteration of a
4 license.  Respondent's Exhibit G.  The Commission then issued a violator warrant for
5 petitioner's arrest, charging him with failing to register as a sex offender, petty theft and
6 alteration of a license.  Respondent's Exhibit H.  Petitioner had not yet been convicted of any of
7 these offenses.  Id.  On March 31, 2000, petitioner was arrested.  Id.

8    The Commission found probable cause to continue with parole revocation
9 proceedings against petitioner and, on July 11, 2000, the Commission offered petitioner an
10 "expedited revocation proposal."  Respondent's Exhibit I.  Under this proposal, petitioner would
11 waive an in-person hearing, admit the petty theft and alteration of a license violations and agree
12 to an offer from the Commission that would be placed on the record.  Id.  The terms of the offer
13 were: 1) petitioner's mandatory release would be revoked; 2) petitioner would receive credit for
14 the time he had spent in the community on mandatory release ("street credit"); 3) petitioner
15 would be re-paroled after he served 12 additional months; and 4) additional special conditions
16 regarding drug and alcohol use would be imposed on petitioner's re-parole.  Id.

17    Regarding the grant of street credit the proposal stated, "If I am later convicted of
18 a *new* crime committed while under supervision, the Commission may reopen my case for a
19 special reconsideration hearing to consider forfeiture of time spent on parole and may take
20 further action as the Commission deems appropriate."  Id.

21    On July 12, 2000, petitioner and his counsel signed the proposal.  Respondent's
22 Exhibit J.  The Commission formalized the expedited revocation on July 15, 2000, in an official
23 order.  Respondent's Exhibit K.  Because this order had a minor error, the Commission corrected
24 it on August 3, 2000.  Respondent's Exhibit L.

25    On March 1, 2001, the Commission received correspondence from the Federal
26 Bureau of Prisons that petitioner had been convicted of petty theft with a prior in California—the

3

1  same offense considered in the Commission's 2000 revocation. Respondent's Exhibit M. The
2  Commission then reopened petitioner's case and ordered that he be released on parole to the
3  California detainer. Respondent's Exhibit N. On March 30, 2001, petitioner was released to the
4  detaining authorities. Respondent's Exhibit O.
5          At some time, petitioner was released from the California Department of
6  Corrections although the record is not entirely clear when.
7          On August 2, 2001, petitioner's probation officer reported that petitioner had been
8  arrested on May 14, 2001, in Bakersfield, California, for possession of narcotic paraphernalia.
9  Respondent's Exhibit P. On August 21, 2001, the Commission issued another violator warrant
10 for petitioner's arrest charging him with possession of drug paraphernalia and possession of rock
11 cocaine. Respondent's Exhibit Q. After his arrest, petitioner requested that he be released from
12 custody to attend his father's funeral service, which the Commission permitted. Respondent's
13 Exhibits R, S and T. Although the Commission's orders said that a summons would issue for a
14 preliminary interview for petitioner, the Commission took no further action on these charges.
15         On October 9, 2002, petitioner's probation officer contacted the Commission.
16 Respondent's Exhibit U. In this correspondence, the probation officer stated that petitioner had
17 been arrested for driving under the influence and resisting arrest, in violation of his parole.
18 Respondent's Exhibit U. The Commission issued another violator warrant for petitioner's arrest,
19 charging petitioner with driving under the influence and resisting arrest as well as violating the
20 special condition of his parole that he abstain from the use of alcohol. Respondent's Exhibit V.
21 This warrant was executed on January 28, 2003. Id.
22         On February 20, 2003, petitioner appeared before an interviewing officer for a
23 preliminary interview to determine probable cause. Respondent's Exhibit W. Following this
24 interview, the Commission found probable cause and offered petitioner another expedited
25 revocation proposal. Respondent's Exhibit X.
26 /////

1       The revocation hearing summary states petitioner's charges for driving under the
2 influence and resisting arrest resulted in a hung jury and the charges were later dismissed.
3 Respondent's Exhibit Y, p. 5.  Following the hearing, the hearing examiner found that petitioner
4 had committed the parole violation of driving under the influence but made no findings regarding
5 the charge of resisting arrest.  Id., p. 4.  With regard to the 2000 revocation proceedings, the
6 hearing examiner stated:

> Subject originally received a 25 year term for Bank Robbery, subject was denied and MR'd on 10/2/1996.  Subject's MR was apparently revoked in July, 2000, for Failure to Register as a Sex Offender and Petty Theft.  Subject's street time was not forfeited as it appears that the Commission was not aware that subject was convicted in State Court of Petty Theft, received a State prison sentence, plus 3 years parole.

11 Respondent's Exhibit X, p. 5.
12       The hearing examiner recommended that the Commission forfeit petitioner's
13 street time based on his petty theft conviction:

> More importantly, however, this examiner has signed an Order of forfeiting the street time on subject's original period of MR.  The Commission granted subject credit for all of his time spent on MR, however, subject sustained a conviction for a new criminal offense that resulted in a State prison sentence, thus, this examiner is recommending that all of the time spent on parole should be forfeited.

17 Id., p. 6.
18       On June 25, 2003, the Commission concurred with the hearing examiner's hearing
19 and revoked petitioner's parole.  Id.  The Commissioner forfeited the time petitioner had spent on
20 mandatory release from October 2, 1996, to March 31, 2000, thereby rescinding the prior grant of
21 street time.  Id.
22       Petitioner was most recently released on December 3, 2003, with a new full term
23 expiration date of October 10, 2010.  Respondent's Exhibit CC.
24       B. <u>Analysis</u>
25       This court's review of the Commission's decision to forfeit petitioner's street time
26 is limited to whether the Commission acted outside its statutory authority or committed a

1 constitutional violation.  Rizzo v. Armstrong, 921 F.2d 855, 858 (9th Cir. 1990).

2        28 C.F.R. § 2.52(c)(2) (emphasis added) provides:

> It is the Commission's interpretation of 18 U.S.C. § 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence.
> An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility.  If such conviction occurs subsequent to a revocation hearing the *Commission may* reopen the case and schedule a further hearing relative to time for forfeiture and such further disposition as may be appropriate.  However, in no event shall the violator term imposed under this subsection, taken together with the time served before release, exceed the total length of the original sentence.[2]

       Petitioner's 2000 expedited revocation proposal stated that his parole was being revoked based on his arrest for petty theft.  The record does not indicate when petitioner was convicted of this offense, except the Commission found in 2003 that the formal conviction took place after the execution of a parole revocation agreement.  However, convicted or not at the time of the year 2000 agreement, the Commission was certainly aware of the crime when it offered the 2000 parole revocation agreement.  The proposal also stated that the Commission could forfeit petitioner's street time if he were later convicted of a *new crime*.  In 2003, the Commission forfeited petitioner's street time because it became aware of his conviction of the same petty theft charge on which the 2000 revocation was based.

       The Commission's use of petitioner's petty theft conviction in 2003 to forfeit his street time violated petitioner's 2000 agreement regarding his parole revocation.  Because petitioner's petty theft arrest had been used to revoke his parole in 2000, his conviction for this

---

[1] The provision regarding a subsequent conviction after a revocation hearing would apply, by its terms, to a crime for which prosecution was pending at the time of a contested revocation hearing.

[2] By offering petitioner an agreement not to forfeit his street time, for all practical purposes, the Commissioner was binding itself not to reopen.

6

offense, even if the formal conviction came after the agreement, did not constitute a *new crime* on which the Commission could base its decision to forfeit the street time.  The petty theft charge on which petitioner's parole was revoked in 2000 was the *same crime* on which the Commission relied to forfeit street time in 2003.  Under these circumstances, the Commission was not authorized to forfeit petitioner's street time.  It is well established that a failure to honor a plea agreement is a constitutional violation.  <u>Santobello v. New York</u>, 404 U.S. 257, 92 S. Ct. 495 (1971).

In the response to the instant petition, respondent argues that 28 C.F.R. § 2.66(c)(3) authorized the forfeiture of the credit.  To put respondent's argument in context, the court will set forth § 2.66 in its entirety:

2.66 Expedited Revocation Procedure.

(a) In addition to the actions available to the Commission under § 2.47(a) and (b), and under § 2.48, the Commission may offer an alleged parole violator an opportunity to accept responsibility for his violation behavior, to waive a revocation hearing, and to accept the sanction proposed by the Commission in the Notice of Eligibility for Expedited Revocation Procedure that is sent to the alleged parole violator.

(b) The following cases may be considered under the expedited revocation procedure:

(1) Cases in which the alleged parole violator has been given a preliminary interview under § 2.48, and the alleged violation behavior would be graded Category One or Category Two;

(2) Cases in which the alleged violator has been given a preliminary interview under § 2.48 and the proposed decision is continue to expiration of sentence, regardless of offense category; and

(3) Cases in which an alleged violator has received a dispositional review under § 2.47, and the Commission determines that conditional withdrawal of the warrant would be appropriate, but appropriate, but forfeiture of street time is deemed necessary to provide an adequate period of supervision.

(c) The alleged violator's consent shall not be deemed to create an enforceable agreement with respect to any action the Commission is authorized to take by law or regulation, or to limit in any respect the normal statutory consequences of a revocation of parole or mandatory release.

\\\\\

1                Respondent suggests that § 2.66(c) authorized the Commission to forfeit
2 petitioner's street time in 2003 following his conviction for petty theft.  The court disagrees.
3 This section provides that a petitioner's consent to the expedited parole procedures does not limit
4 the Commission's authority to take any action authorized by law.  While the Commission is
5 authorized to forfeit street time if a petitioner is *convicted of a new crime*, § 2.52(c)(2) supra,
6 petitioner's petty offense conviction did not constitute a new crime in 2003.  Therefore, the
7 forfeiture was not authorized by law.[3]

8                Respondent also argues that petitioner may be challenging the Commission's
9 discretion when it decided to forfeit his street time in 2003.  This court is not authorized to
10 review a decision involving the Commissions's "'exercise of judgment among a wide range of
11 possible choices or options.'" Rizzo v. Armstrong, 921 F.2d at 858 (quoting Vargas v. United
12 States Parole Comm'n, 865 F.2d 191, 193 (9th Cir. 1988)).

13                Petitioner is not challenging the discretion exercised by the Commission in
14 deciding whether or not to forfeit his street time.  In other words, petitioner is not claiming that
15 the Commission did not properly weigh the factors used to decide whether to forfeit street time.
16 Rather, petitioner is arguing that the Commission was not authorized to forfeit the street time
17 based on the terms of the 2000 proposal, which he had accepted.

18                For the reasons discussed above, the court finds that petitioner's application for
19 writ of habeas corpus should be granted and the forfeited street time should be reinstated.

20                Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
21 a writ of habeas corpus be granted; petitioner's forfeited street time be reinstated.

22                These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

---

[3] The Commission expressly relied on the petty theft conviction to revoke the street time. It did not attempt to find that its parole revocation findings on later violations of law constituted "conviction of a new crime." The parties correctly do not argue the point.

1 after being served with these findings and recommendations, any party may file written
2 objections with the court and serve a copy on all parties.  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4 shall be served and filed within ten days after service of the objections.  The parties are advised
5 that failure to file objections within the specified time may waive the right to appeal the District
6 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  2/10/06

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
mc1116.157